OPINION
{¶ 1} Plaintiff-appellant Candace S. Frederick ("Candace") brings this appeal from the judgment of the Court of Common Pleas of Allen County, Domestic Relations Division, awarding spousal support.
 {¶ 2} Candace and Arthur R. Frederick ("Rick") were married on June 17, 1987. On July 2, 2004, Candace filed a complaint for divorce and motions for temporary orders. Rick filed his answer and counterclaim for divorce on July 19, 2004. On August 9, 2004, the trial court granted Candace's motion for temporary use of the marital residence and awarded Candace $200 per week as temporary spousal support. On October 8, 2004, the parties agreed to modify the spousal support to $2,200 per month.
 {¶ 3} The final hearing was held on November 16, 2004. The parties reached an agreement resolving all issues except permanent spousal support. Evidence was presented by both parties on this issue. On December 1, 2004, the trial court granted the divorce, incorporated the separation agreement, and ordered spousal support in the amount of $500 per month for 54 months. The judgment entry was filed on January 28, 2005. Candace appeals from this judgment and raises the following assignment of error.
The trial court erred in determining the amount of spousalsupport by making an inaccurate finding, failing to considerfuture health insurance costs, and to explain the basis for theamount of spousal support in its decision.
 {¶ 4} Candace's assignment of error alleges that the trial court erred in calculating the amount of spousal support she should receive from Rick. An award of spousal support is discretionary and will only be reversed if an abuse of discretion is found. Crouso v. Crouso, 3rd Dist. No. 14-02-04, 2002-Ohio-3765.
 {¶ 5} Candace specifically raises three arguments. First, Candace claims that the trial court erred by basing the calculation upon an inaccurate finding. The trial court is mandated to consider the income of the parties including income derived from property distributions. R.C. 3105.18(C)(1)(a). The trial court is also required to consider the relative assets of the parties. R.C. 3105.18(C)(1)(i). The trial court specifically found that the parties would each receive approximately $90,000 as a result of the sale of the real estate. Dec. 1, 2004, decision. However, the separation agreement which was incorporated into the judgment specified that Rick would receive 60% of the net proceeds and Candace would receive 40% of the net proceeds. This difference could be a significant amount of money.[1] The trial court appears to have relied upon the equal distribution of net proceeds when determining the amount of spousal support to award. This reliance is not supported by the evidence. Thus, the trial court erred in using that division when determining the reasonable amount of spousal support to award.
 {¶ 6} Next, Candace argues that the trial court erred in not considering her future health insurance costs. The factors which must be considered when determining an award of reasonable spousal support are set forth in R.C. 3105.18(C)(1). No factor specifically requires that the trial court consider the cost of future health insurance. Although it may be a factor considered under R.C. 3105.18(C)(1)(n), the trial court does not err in failing to consider it.
 {¶ 7} Candace finally argues that the trial court erred in failing to evaluate the evidence in its opinion or provide details as to how it arrived at the spousal support amount. This argument is moot due to the fact that this court has found an abuse of discretion as to the calculations. For the reason cited above, the assignment of error is sustained.
 {¶ 8} The judgment of the Court of Common Pleas of Allen County, Domestic Relations Division, is reversed and the matter is remanded for further proceedings.
Judgment reversed and cause remanded.
 Rogers, J., concurs.
 Shaw, J., concurs in judgment only.
[1] Using the $180,000 net proceed number apparently used by the trial court, Candace's share would be $18,000 less than the amount ostensibly assumed by the court in its analysis.